UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Tanya Boudreaux, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Gurstel Law Firm, P.C.,<br><br>Defendant. | Court File No.: 18-cv-957<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I.

### INTRODUCTION

1. This is an action for damages, declaratory and injunctive relief, brought by Tanya Boudreaux ("Plaintiff Boudreaux" or "Plaintiff") because of and Defendant Gurstel Law Firm, P.C.'s ("Defendant Law Firm") violations of Plaintiff's privacy rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

2. Defendant Law Firm publicly filed highly confidential and statutorily protected consumer reports[1] of Plaintiffs and many other similarly situated consumers as part of state court law suits commenced in various courts nationwide. Plaintiff seeks relief

---

[1] As will be elaborated on below, a "credit score" is a "consumer report" *See*, 15 U.S.C §§ 1681a(d)(1)(A) and 1681g(f)(2)(A). Consumer reports are statutorily protected by the FCRA from wrongful disclosure to third parties. For purposes of this Complaint, Plaintiff will use the terms "credit report," "consumer report" and "credit score" interchangeably. They all maintain the same level of protection

1

under the federal Fair Credit Reporting Act ("FCRA") as Defendant Law Firm did not "obtain" or "use" Plaintiff Boudreaux's consumer reports for a "permissible purpose," nor do the credit scores in any way "evidence" the writing of the underlying credit transaction. Defendant Law Firm's egregious practices run afoul of exactly what Congress intended to prevent with its enactment of the FCRA.  The FCRA was passed to keep consumer credit reports strictly private and protected from unlawful disclosure to unauthorized parties.  Defendant Law Firm violated these privacy provisions and should now be held accountable.

## II.
## JURISDICTION

3. Jurisdiction of this court arises under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Commerce), 15 U.S.C. § 1681(p) ("FCRA").

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, the Plaintiff resides in this District, and Defendant Law Firm conducts business in this District and in the States of Minnesota, Arizona, Nebraska Iowa and Utah.

## III.
## PARTIES

5. Plaintiff, Tanya Boudreaux, is an individual consumer currently residing in the City of Altoona, County of Eau Claire, State of Wisconsin. Plaintiff Boudreaux was and is a "person" as defined under 15 U.S.C. § 1681a(b), and is protected by and entitled

2

to enforce the remedies of the FCRA.

6. Defendant Law Firm is law firm licensed to do business in the State of Wisconsin as a foreign business corporation that has a principal place of business located at 6681 Country Club Drive, Golden Valley, Minnesota 55427 and does business in the State of Wisconsin[2] at the address of 622 N. Water Street, #400, Milwaukee, Wisconsin 53202.  Defendant Law Firm is also a "person" as defined in 15 U.S.C. § 1681a(b) and 15 U.S.C. §1681b(f) and is subject to the requirements of the FCRA.

## IV.
## BACKGROUND INFORMATION

7.  As a result of Defendant Law Firm's conduct Plaintiff Boudreaux and the putative class have suffered an injury in fact, that the injury is traceable to the conduct of the Defendant Law Firm, and the harm is likely to be redressed by a favorable judicial decision.

8. As shown in the paragraphs that follow, the Plaintiff Boudreaux and the putative class have suffered "an invasion of a legally protected interest" which is their privacy of private and financial information occasioned by the conduct of the Defendant Law Firm.

9. The paragraphs below show that the legally protected interest is concrete and particularized and "actual or imminent" and has affected the Plaintiff Boudreaux and the putative class in a personal and individual way.

---

[2] Defendant also does business in the states of Wisconsin, Minnesota, Arizona, Nebraska, Iowa and Utah.  *See* https://www.gurstel.com/ for its practice locations.

10. The United States Supreme Court has held in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 2016 WL 2842447 (May 16, 2016), that for standing purposes, concrete injuries include intangible harms.

11. The Court in *Spokeo* further noted that:

    *"Because the doctrine of standing derives from the case or controversy requirement, and because that requirement in turn is grounded in historical practice, it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American Courts."*

    *And,*

    *"...that Congress may elevate to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."*
    (Emphasis Added).

12. Invasion of privacy is an example set forth in the Restatement (Second) of Torts 652A (1977) of "harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts."

13. The lead Senate sponsor, William Proxmire[3] stated that:

    *The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. ...the consumer has a right to see that the information is kept confidential and it is used for the purposed for which it is collected; and he has the right to be free from unwarranted invasions of his personal privacy...*
    (Emphasis Added).

14. One of the primary protections of the FCRA is the requirement that "persons" or "users", such as Defendant Law Firm, have and certify the permissible purpose

---

[3] 115 Cong. Rec. 2413 (1969).

4

      when they not only obtain but then use a consumer report as demonstrated in 15. U.S.C. §§ 1681b(a) & 1681b(f).

15. There is no factual basis for the law firm obtaining or using the credit history of Plaintiff.

## V.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF BOUDREAUX

16. As a consumer managing her financial affairs, Plaintiff Boudreaux, and others similarly situated, sought credit by the use of credit cards for personal financial needs from non-party Discover Bank ("Discover").

17. Plaintiff Boudreaux had a Discover credit card ending in 9143 (the "Account"), which constitutes a debt.

18. Discover offered to provide Plaintiff Boudreaux with her Trans Union LLC credit score for each month and the preceding eleven months on her Discover monthly billing statements.

19. Based on Discover's representation that the credit scores were to be included on her monthly billing statements and were intended only for her own personal use and would not be shared with any third party or used for some other purpose, Plaintiff Boudreaux accepted the offer and did not object to her credit scores being included along with her monthly billing statements for her review.

20. Each monthly billing statement transmitted to Plaintiff Boudreaux during the life of the Account confirmed that her Trans Union credit report / score was "intended for

and only provided to Primary cardmembers who have an available score."

21. At no time did Plaintiff Boudreaux provide nonparty Discover Bank with or imply permission to either obtain or use her Trans Union credit reports / scores for any other purpose than for her personal information.

22. At some point Plaintiff Boudreaux became unable to repay the balance on the Account.

23. Defendant Law Firm, through its attorney Jeffrey E. Schelble, filed a state court complaint on behalf of Discover Bank in the Circuit Court of Eau Claire County on or about April 25, 2017, bearing the court file number 2017-SC-000747 ("state court action").

24. The complaint sought to recover a money judgment in the amount of $5,427.27 against Plaintiff Boudreaux for the unpaid balance on the Account, plus costs and disbursements and interest.

25. Defendant Law Firm attached a copy of a monthly billing for December 2016 to the state court action relating to Plaintiff Boudreaux's credit card debt.

26. Specifically, the credit card billing statement that Defendant Law Firm attached to the state court complaint contained Plaintiff Boudreaux's credit score information. (*See attached Exhibit 1 (redacted)*).

27. The statement (Exhibit 1) contained Plaintiff Boudreaux's then-current Trans Union credit score / report on the first page, which was not redacted and was published by Defendant Law Firm in this state court action.

28. The statement also contained Plaintiff Boudreaux's then-current credit score / report, as well as her credit scores / reports for the preceding eleven months as reported by Trans Union, on the fifth page, Plaintiff Boudreaux's credit scores /reports for a total of twelve months contained on page five of the statement was not redacted and was published by Defendant Law Firm in this state court action.

29. Filing and publishing Plaintiff Boudreaux's credit scores was neither required, necessary, essential nor otherwise supportable since the credit scores / report did not relate to or "evidence" the Account sought to be collected and provided no assistance in determining whether judgment should be entered against Plaintiff Boudreaux in the state court action.

30. Plaintiff Boudreaux's credit scores published by Defendant Law Firm constitute part of her private personal credit history as shown in her "consumer report," as that term is defined by 15 U.S.C. § 1681a(d)(1).

31. The credit scores obtained and used by Defendant Law Firm in the state court action were provided by Trans Union to Discover solely for the purpose of including them on Plaintiff Boudreaux's credit card statements for her own personal use.

32. Plaintiff Boudreaux did not authorize nonparty Discover Bank nor its Defendant Law Firm's agents to obtain and/or use her credit scores for any other purpose, nor did Defendant Law Firm certify to Trans Union the purpose for which they obtained and used the credit scores pursuant to 15 U.S.C. §§ 1681b(f) and 1681e.

33. Defendant Law Firm's illegal procurement and use by publication of Plaintiff

Boudreaux's credit scores violated the requirements of 15 U.S.C. §1681b(f) as neither Defendant Law Firm nor Discover Bank had a permissible purpose for obtaining or using Plaintiff Boudreaux's protected personal and private information.

34. Upon information and belief Defendant Law Firm assigns its attorneys such a large case load that none of the attorneys can meaningfully review and attend to the cases assigned to him or her, which results in material errors and oversights to the detriment of consumers, including Plaintiff Boudreaux.

35. Defendant Law Firm has signed pleadings to be filed in court actions, attaching unredacted copies of the respective state court consumer / Discover Bank's monthly statement and so publishing the consumer's consumer credit scores.

36. Defendant Law Firm had, at all times material, a duty to adequately supervise the professional legal activities of itself, associates or junior attorneys.

37. Defendant Law Firm, through acts or omissions, breached their duty by negligently and/or recklessly failing to adequately supervise associates or junior attorneys by failing to take reasonable steps to protect the rights of consumers' privacy as proscribed in the federal law.

38. As a direct and proximate result of Defendant Law Firm's reckless supervision, Plaintiff Boudreaux suffered harm as described herein.

39. Defendant Law Firm knew, or should have known, that publishing a consumer credit score as an attachment to a pleading filed in Wisconsin, Minnesota, Arizona, Nebraska Iowa and Utah State courts were unlawful.

# VI.

## CLASS ALLEGATIONS

40. Defendant Law Firm unlawfully obtained and "used" the Trans Union consumer credit scores received from Discover of Plaintiff Boudreaux and others when they published said reports in their filing of complaints in circuit courts throughout the states of Wisconsin, Minnesota, Arizona, Nebraska Iowa and Utah.

41. Upon information and belief, Defendant Law Firm has on more than one hundred (100) occasions within the past two (2) years filed state court actions against similar consumer debtors wherein it unlawfully "used" the Trans Union consumer credit scores, in violation of 15 U.S.C. §§ 1681b(f).

42. Plaintiff Boudreaux brings this action individually and as a class action.

43. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiff Boudreaux seeks to certify one class.

44. The class Plaintiff Boudreaux seeks to certify is defined hereinafter the "FCRA Class":

> *All consumers in the states of Wisconsin, Minnesota, Arizona, Nebraska, Iowa and Utah, that have had their Trans Union consumer credit scores published in various judicial court actions by Defendant Law Firm within two years of the date of the filing of this Complaint.*

45. The FCRA Class shall be subject to the following exclusions, who are not members of the FCRA Class, eligibility according to the above criteria notwithstanding:

> *All (1) Counsel for Plaintiff Boudreaux and the Class, (2) Counsel for Defendant Law Firm, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.*

## *Rule 23(a) Requirements*
### *Numerosity*

46. Various nonparty credit providers grant credit cards to consumers.

47. Some of those consumers may have, at one time or another, defaulted on their credit card obligations.

48. Some of the nonparty credit issuers have used Defendant Law Firm to file pleadings containing credit scores in actions against such a large number of consumers such that joinder of all in this lawsuit would be impracticable.

49. Defendant Law Firm's conduct lawsuit activities and have filed actions against consumers on behalf of nonparty credit issuers like Discover in state courts in Wisconsin, Minnesota, Arizona, Nebraska, Iowa and Utah.

50. Therefore, the estimated number of class members for each of the two classes is in excess of fifty (50) persons.

### *Commonality*

51. All members of the FCRA (hereinafter "Class") had their rights violated in the same manner by the same illegal actions of Defendant Law Firm.

52. Common evidence, in particular (1) a list of Wisconsin consumer debtors who had had their consumer credit scores filed in court actions by Defendant Law Firm; and (2) a list of Discover consumer debtors in Wisconsin, Minnesota, Arizona, Nebraska,

Iowa and Utah who have had similar law suits filed against them specifically by Defendant Law Firm, will drive resolution of the claims of the Classes.

53. Statutory relief under the FCRA is directed based upon the common conduct of Defendant Law Firm, and not the subjective, individual experiences of members of the FCRA Class.

*Typicality*

54. Plaintiff Boudreaux has the same claims to statutory relief as do all other members of the Class.

55. Any defenses that Defendant Law Firm may have to liability or quantum of statutory damages with respect to Plaintiff Boudreaux's claims would be generally applicable to all members of the Class.

*Adequacy*

56. Plaintiff Boudreaux brings this lawsuit after an extensive investigation of Defendant Law Firm's alleged misconduct.

57. Plaintiff Boudreaux brings this lawsuit with the intention to stop Defendant Law Firm's unlawful practices and recovery statutory remedies for all consumers affected.

58. Plaintiff Boudreaux will continue to vigorously pursue relief for the Class.

59. Plaintiff Boudreaux's counsel, specifically the Consumer Justice Center P.A. and Lyons Law Firm P.A., have been certified as class counsel in numerous of class actions enforcing consumer rights laws in this District and other districts of the United States Federal Courts.

60. Plaintiff Boudreaux's counsel are committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the Class.

### Rule 23(b)(3)
### Predominance/Superiority

### Predominance

61. Statutory relief under the FCRA follows from evidence that Defendant Law Firm acted in a manner common to the entire class and not the subjective experience of any one complainant.

62. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the two classes.

### Superiority

63. Plaintiff Boudreaux's and her counsel are not aware of any other pending actions against Defendant Law Firm related to the FCRA class (concerning the filing of consumer credit scores).

64. Members of the Class have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting a lawsuit.

65. Upon information and belief, few members of the Class are aware that Defendant Law Firm's actions were unlawful.

66. The class notice mechanism provides an opportunity for uninformed members of the Class to learn about their rights and obtain relief where they otherwise would not have.

## VII.

## CAUSES OF ACTION

## <u>COUNT I.</u>

## <u>VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 et seq.</u>

67. Plaintiff Boudreaux incorporates by reference all the foregoing paragraphs.

68. Defendant Law Firm willfully violated provisions of the Fair Credit Reporting Act.

69. Defendant Law Firm's violations include, but are not limited to, 15 U.S.C. §§ 1681b and 1681b(f).

70. Defendant Law Firm's violations caused Plaintiff Boudreaux emotional distress and anxiety concerning her private credit score and credit profile being published in the public records for others to review and see.

71. As a result of the above and continuing violations of the FCRA, Defendant Law Firm are liable to the Plaintiff Boudreaux in the sum of actual damages, statutory damages, punitive damages, costs, disbursements, and reasonable attorneys' fees, along with any appropriate injunctive relief.

## TRIAL BY JURY

72. Plaintiff Boudreaux is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## IX.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Boudreaux respectfully requests that a Judgment be entered against Defendant Law Firm awarding the following relief:

(a) certifying the action as a class;
(b) ordering that Plaintiff Boudreaux be named as class representative;
(c) ordering that Plaintiff Boudreaux's counsel be named as class counsel;
(d) awarding Plaintiff Boudreaux and the FCRA Class appropriate statutory and punitive damages for violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
(e) awarding Plaintiff Boudreaux and the FCRA Class costs and reasonable attorney's fees and post judgment interest pursuant 15 U.S.C. §1681 *et seq.*;
(f) an order enjoining the Defendant Law Firm from further violations of the Fair Credit Reporting Act relative to the Discover's inclusion of consumer credit scores in all such pleadings filed in various circuit courts / state courts in Wisconsin, Minnesota, Arizona, Nebraska, Iowa and Utah;
(g) an Order instructing Defendant Law Firm to move to seal all class members' circuit court / state court lawsuit files in Wisconsin, Minnesota, Arizona, Nebraska, Iowa and Utah;
(h) any other appropriate declaratory and/or injunctive relief; and
(i) such other and further relief as the court deems just and equitable.

Dated this 20th day of November, 2018.

Respectfully submitted,

By: */s/Thomas J. Lyons Jr.*

Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. #: 0249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
Email: tommy@consumerjusticecenter.com

Thomas J. Lyons, Esq.
WI Attorney I.D. #:  1019127
LYONS LAW FIRM P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 770-5830
Email: tlyons@lyonslawfirm.com

***ATTORNEYS FOR PLAINTIFF***

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF WISCONSIN       )
                         ) ss
COUNTY OF <u>EAU CLAIRE</u>      )

I, Tanya Boudreaux, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff Boudreaux in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant Law firm, cause unnecessary delay to the Defendant Law Firm, or create a needless increase in the cost of litigation to the Defendant Law Firm, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

s/Tanya Boudreaux<br>
Tanya Boudreaux