IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TANYA BOUDREAUX, on behalf of herself and all others similarly situated, | : : : : |
| Plaintiff, | : : |
| v. | :   Case No.  3:18-cv-00957-wmc |
| GURSTEL LAW FIRM, P.C., | : : : |
| Defendant. | : |

**BRIEF IN SUPPORT OF THE PARTIES'
JOINT MOTION FOR CERTIFICATION OF SETTLMENT CLASS AND
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
AGREEMENT**

Tanya Boudreaux (hereinafter referred to as "Plaintiff") and Gurstel Law Firm, P.C. (hereafter referred to as "Defendant") submit this brief in support of the parties' Joint Motion for Certification of settlement class and Preliminary Approval of Class Action Settlement Agreement, and in support of such motion would respectfully show the following:

### 1. NATURE OF THE CASE

Plaintiff is an individual consumer who allegedly became delinquent on her consumer debt. Defendant is a multi-state law firm that attempted to collect such debt from Plaintiff. Plaintiff contends that in attempting to collect through litigation a consumer debt from her and the Class she seeks to represent, Defendant allegedly violated the Fair Credit Reporting

1

Act, 15 U.S.C. § 1681, *et seq*. by attaching as exhibits to the state court complaints exhibits consisting of account statements that contained unredacted FICO scores. Plaintiff asserts that the failure to redact the FICO scores renders Defendant liable for damages to her and the Class she seeks to represent.

Defendant denies Plaintiff's allegations and asserts that it has no liability under state or federal law to Plaintiff or the class she seeks to represent. Although the law in this circuit is unsettled there is case law from outside of this circuit supporting both parties' positions.

## 2. ELEMENTS FOR CLASS CERTIFICATION

Rule 23 of the Federal Rules of Civil Procedure governs the certification of class actions. One or more members of a class may sue or be sued as representative parties on behalf of a class if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997). In support of their contention that proper and sufficient grounds for class certification exist under Rule 23, the parties would show the following:

**Numerosity**

Based upon information received from Defendant, the persons potentially in the Class, consisting of 152 persons, are so numerous that joinder of all members is impracticable.

**Commonality**

A common nucleus of operative fact is usually enough to satisfy the commonality requirement of FED. R. CIV. P. 23(a)(2). *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998) *citing Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). . "When the claim arises out of the same legal or remedial theory, the presence of factual variations is normally not sufficient to preclude class action treatment." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 831 (8th Cir. 1977), *cert. denied*, 434 U.S. 856 (1977).

The requirement of commonality may be satisfied where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982). Plaintiff contends that there are common questions of law or fact affecting the class, and that these questions include but are not limited to:

    a.    whether Defendant's conduct violated the FCRA;

    b.    whether Plaintiff and the other class members are entitled to recover damages and, if so, in what amount; and

c. whether Plaintiff and the other class members are entitled to recover attorney's fees and, if so, in what amount.

**Typicality**

A class representative's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). The typicality prong is analyzed by asking whether the named Plaintiff has incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented. *Baby Neal v. Casey*, 43 F.3d 48, 57 (3rd Cir. 1994), *citing* 3B MOORE & KENNEDY, P 23.06-02; 1 NEWBERG & CONTE, § 3.13. *See, also, Beck v. Maximus*, 457 F.3d 291, 295-96 (3rd Cir. 2006). Plaintiff contends that her claims are typical of the claims of the rest of the class.

Plaintiff has generally satisfied her burden on typicality "if the claims or defenses of the representative and the members of the class stem from a single event or are based on the same legal or remedial theory." Paxton v. Union Nat'l Bank, 688 F.2d at 561-2, *citing* C. Wright & A. Miller, *Federal Practice and Procedure* § 1764 at n.21.1 (Supp. 1982); Evans v. Am. Credit Sys., 222 F.R.D. 388, 394 (D.Neb. 2004). "Typicality means there are 'other members of the class who have the same or similar grievances as

4

the plaintiff.'" *Id.* quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977). Rule 23(a)(3) "requires only a showing that the representative Plaintiff's interests are not antagonistic or in conflict with the class as a whole." *Metge v. Baehler*, 77 F.R.D. 470, 475 (S.D. Iowa 1978). Plaintiff alleges that the typicality requirement has been satisfied because both she and the rest of the Class were sued via state court pleadings the accompanying exhibits to which contained the FICO score of the person being sued.

**Adequacy of Representations**

"The focus of Rule 23(a)(4) is whether: (1) the class representatives have common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton v. Union Nat'l Bank*, supra at 562-563. Adequacy of representation consists of two prongs: the adequacy of counsel to handle a class action and the adequacy of the named Plaintiff to protect the differing interests of the class members. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). Plaintiff asserts that she will fairly and adequately represent the interests of the class. Through her attorney of record, Plaintiff has been willing to pay the costs of notice and litigation. Plaintiff believes that she has no interests adverse to other members of the Class.

5

Plaintiff has hired the undersigned attorney to represent her in this matter. Plaintiff's attorney has experience in the handling of both consumer protection litigation and class actions. *See* Declaration of Thomas J. Lyons, Jr.

### 3.     OTHER CONSIDERATIONS

### RULE 23(b)(3) – COMMON QUESTIONS OF LAW OR FACT PREDOMINATE.

Rule 23(b)(3) of the Federal Rules of Civil Procedure requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. Under Rule 23(b)(3), a class action may be maintained where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Evans v. Am. Credit Sys.,* supra at 395; *Cooper v. Miller Johnson Steichen Kinnard, Inc.,* 2003 U.S. Dist. LEXIS 6946, *13 (D.Minn. Apr. 21, 2003). The Supreme Court has stated that "predominance is a test readily met in certain cases alleging consumer ... fraud ..." *Amchem Products, Inc. v. Windsor, supra* 117 S.Ct. at 2246.

In this case, the "common nucleus of operative fact" is that all class members, by definition, were sued via complaints, the exhibits to which revealed their unredacted FICO scores. Cases dealing with the legality of

standardized practices are generally appropriate for resolution by class action because the practice is the focal point of the analysis. *Evans v. Am. Credit Sys., supra* and *Hage v. General Serv. Bureau, supra*. Because of the standardized nature of Defendant's conduct, common questions predominate.

### 4. RULE 23(b)(3)–CLASS ACTION IS SUPERIOR TO OTHER AVAILABLE METHODS <u>TO RESOLVE THIS CONTROVERSY.</u>

"The superiority issue is whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Sperry Rand Corp. v. Larson,* 554 F.2d 868, 875 n11 (8th Cir. 1977); *Evans v. Am. Credit Sys., supra* at 396; *Cooper v. Miller Johnson Steichen Kinnard, Inc., supra* at *13. Efficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented.

The Court is required to determine the best available method for resolving the controversy in keeping with judicial integrity, convenience, and economy. *Scholes v. Stone, McGuire & Benjamin,* 143 F.R.D. 181, 184 (N.D. Ill. 1992). It is proper for a court, in deciding the "best" available method, to consider the "…inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members

would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1165 (7th Cir. 1974).

In *Evans v. Am. Credit Sys., supra* at 396, the Court found superiority to be present where the plaintiffs challenged the defendants' standardized conduct of sending form collection letters: "resolution of the plaintiffs' claims, at least as to the liability of the defendants to each individual plaintiff, through a class action rather than through hundreds of individual suits seeking restitution of claims for each of the letters, is the superior approach for the class and each of the subclasses." This case is similar. Here, Defendant has filed unredacted exhibits containing the FICO score of Plaintiff and each of the class members.

In conclusion regarding superiority, the *Evans* Court stated,

> There is little difficulty in finding the class action is the preferable method of determining the claims the plaintiffs seek to litigate. The alternative to class action in this case would be a succession of lawsuits by a considerable number of individual plaintiffs, which the undersigned magistrate judge believes would be an inefficient allocation of judicial resources. While it may become necessary to decertify or bifurcate issues within the subclasses for determinations of the individual monetary award owed each plaintiff, the court finds the class action vehicle to be superior to any other means of determining the defendants' liability to the plaintiffs, if any.

*Evans v. Am. Credit Sys., supra* at 396.

In this case, there is no better method available for the adjudication of the claims which might be brought by each individual debtor subjected to Defendant's practice. *Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397 (D.N.J. 1990). Class actions are a more efficient and consistent means of trying the legality of standard practices. Certification of this action for settlement purposes will provide an efficient and appropriate resolution of the controversy.

Thus, the preponderance and superiority elements of Rule 23(b)(3) have been met.

Solely for the purposes of this motion and to effectuate the proposed settlement, Defendant does not dispute that a class should be certified for settlement purposes only. Defendant acknowledges the doctrine that "federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996).

### 5. ADEQUACY OF THE SETTLEMENT

Plaintiff seeks damages for herself and the putative class, but it will be difficult to quantify and prove any such damages. Under the terms of the settlement Defendant has agreed to pay to the sub-class members more than the statutory cap. In addition, the parties submit that the settlement amount is fair, reasonable, and adequate in that it represents the maximum liability imposed by law.

Class members will be given notice of this action, of the proposed settlement, and of the opportunity object, opt out, or submit claim forms. The notice will be sent by U.S. mail to each of the members of the Class.

The proposed notice, which is attached to the Motion, provides fair, reasonable, and adequate notice to the Class of the proposed settlement and of their rights. It therefore satisfies the elements of FED. R. CIV. P. 23.

The proposed settlement in is consistent with case law in this circuit concerning class action awards, and it is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. RadioShack Corp.*, 768 F.3d 622, (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). The award to the class is distinct and separate from the attorneys' fees in this case. The FCRA is a fee shifting statute and the fees being awarded to the class would not come from a class fund but rather by payment directly from Defendant, pursuant to the fee shifting provision of the FCRA. Thus, the size of the attorneys' fees award does not affect the award to the class, unlike cases such as *Pearson, Redman,* and *Eubank* where payment of the attorneys' fees affected the total payment to the class. The parties further submit that the class notice gives fair notice to the class, the terms of the settlement, and the ways in which class members can participate (or not) in the settlement, thus satisfying the requirements of Fed.R.Civ.P.23, and of due process.

WHEREFORE, PREMISES CONSIDERED, Movants request that the Court:

1. preliminarily certify the Class for settlement purposes as set forth in the proposed Settlement Agreement;
2. order that Plaintiff may act as representative of the Class and that Plaintiff's attorney may act as counsel for the Class;
3. set a date by which the class members must exclude themselves from the class, enter an appearance, or object to the settlement and authorize the form and mailing of the Notice;
4. set a final hearing to determine whether the Settlement is fair, adequate, and reasonable; and
5. at such hearing approve the Settlement and grant final judgment.

Movants further pray for all such other and further relief, both at law and in equity, as to which they may be justly entitled.

Respectfully submitted,

| | |
|---|---|
| /s/ Thomas J. Lyons, Jr. | /s/ Manuel H. Newburger |
| Thomas J. Lyons, Jr. | Manuel H. Newburger |
| CONSUMER JUSTICE CENTER, P.A. | BARRON & NEWBURGER, P.C. |
| 367 Commerce Court | 7320 N. MoPac Expy., Suite 400 |
| Vadnais Heights, MN 55127 | Austin, TX 78731 |
| Telephone: (651) 770-9707 | (512) 649-4022 |
| Facsimile: (651) 704-0907 | Fax: (512) 279-0310 |
| tommy@consumerjusticecenter.com | mnewburger@bn-lawyers.com |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing Brief has been served on Defendant's attorney below through the Court's ECF system, on this 14th day of January, 2020.

/s/ Thomas J. Lyons, Jr.
Thomas J. Lyons, Jr.
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com

SERVICE LIST:

Manuel H. Newburger
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expy., Suite 400
Austin, TX 78731
(512) 649-4022
Fax: (512) 279-0310
mnewburger@bn-lawyers.com

ATTORNEY FOR DEFENDANT