IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TANYA BOUDREAUX, individually and on
Behalf of all others similarly situated,

|  |  |
|---|---|
| Plaintiff, | OPINION AND ORDER |
| v. | 18-cv-957-wmc |
| GURSTEL LAW FIRM, P.C., |  |
| Defendant. |  |

On November 20, 2018, plaintiff Tanya Boudreaux filed this putative class action claiming that defendant Gurstel Law Firm, P.C. ("Gurstel Law Firm"), a multi-state law firm, filed state court complaints to collect delinquent consumer debts against her and other similarly situated individuals, attaching as exhibits confidential account statements, including unredacted FICO scores, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* (Compl. (dkt. #1).)  Pending before this court is the parties' joint motion for certification of a settlement class and preliminary approval of a settlement under Fed. R. Civ. P. 23.  (Dkt. #17-1.)  The court will grant the parties' motion and set a fairness hearing for 11:00 a.m. on November 24, 2020.[1]

BACKGROUND

Defendant Gurstel Law Firm allegedly filed separate complaints in state court against each member of the proposed settlement class, including named plaintiff Tanya Bourdreaux, that disclosed their unredacted credit score.  (Mot. for Prelim. Approval (dkt.

---

[1] Depending on the status of the ongoing COVID-19 emergency, the court may conduct this hearing by videoconference.

#17) 1-2).)  Plaintiff contends that in so doing, defendant violated the FCRA, while defendant denies plaintiff's factual allegations and maintains that it has no legal liability. (*Id.*)

On August 2, 2019, plaintiff notified the court that the parties were involved in settlement discussions (dkt. #14), and on September 11, 2019, the parties filed a joint notice of settlement, with a request for additional time to finalize a class-wide settlement of the action (dkt. #16).  On January 14, 2020, the parties filed a joint motion for certification of the settlement class under Fed. R. Civ. P. 23 and preliminary approval of the settlement agreement.  (Dkt. #17.)

The proposed certification of the settlement class is conditioned upon: (1) the accuracy of representations in the settlement agreement; (b) the performance by the parties of their obligations under that agreement; (c) the entry of a final order releasing all claims by the plaintiff and putative class members as defined in the agreement; (d) the receipt by the parties of all documents required to implement the agreement; and (e) no other "substantially similar" class actions being certified against defendant.  (*Id*. at 3-4.)  If approved, the settlement would pay $60.00 to each member of the class, with an additional payment of $3,000 to named plaintiff Boudreaux as class representative.  (*Id*. at 5.)  The settlement would also require defendant to attempt to redact credit scores from the state court file of each class member, bear the cost of class notice and distribution of payments, and pay reasonable plaintiff's attorney fees in an amount not to exceed $25,000.  (*Id*. at 5-6.)[2]

---

[2] The proposed settlement also contains various additional terms, available at dkt. #17.

ORDER

## I. Certification of Rule 23 Class

1.      For purposes of the settlement, the court certifies the following class under

Fed. R. Civ. P. 23(e) (the "Rule 23 Class"):

> All individuals in the United States against whom, during the period from November 20, 2016, through the date of preliminary approval, Defendant filed a state court complaint on a consumer debt, in which the complaint or the exhibits thereto contained the consumer's unredacted credit score. Class members are located in the following states: Arizona, California, New York, Pennsylvania, Utah and Wisconsin.

(Dkt. #17-1, 3.)  However, the class specifically excludes: (a) persons already subject to an

existing signed released covering the claims raised in the suit; (b) persons deceased on the

date of preliminary certification; (c) persons who have filed for Title 11 bankruptcy

protection on or after November 20, 2016; and (d) any class member who timely requests

exclusion.  (*Id*. at 4.)

2.      The Rule 23 Class meets all of the requirements for settlement class

certification under Fed. R. Civ. P. 23(a) because:

a.   the class potentially consists of 152 persons and, therefore, is so
     numerous that joinder of all individual members is not practicable;

b.   the class members share common alleged issues of law and fact, including
     but not limited to:

     i.   whether defendant's conduct violated the FCRA;

     ii.  whether plaintiff and other class members are entitled to recover
          damages; and

3

        iii.  whether plaintiff and other class members are entitled to recover attorney's fees;

c.  the named plaintiff's claim arises from claims typical to the rest of the class and her interests are not in conflict with the class as a whole;

d.  class counsel is qualified, experienced, and able to handle consumer protection and class action litigation; and

e.  the named plaintiff asserts that she will fairly and adequately represent the interests of the class and has no interests adverse to other members of the class.

3.     The Rule 23 Class also satisfies Fed. R. Civ. P. 23(b)(3) because the same questions of law or fact common to all members of the class predominate over questions pertaining to individual members, which makes class action superior to individual resolution and the joint adjudication of this controversy is fair and efficient.

## II.    Preliminary Settlement Approval

4.     The proposed settlement appears to have been reached through extended, arms-length negotiations between the parties, and plaintiff's counsel appears to be experienced in consumer protection litigation and class actions.

5.     Based upon the court's review of the parties' joint motion for preliminary approval of the class action settlement agreement (dkt. #17), as well as the materials submitted in connection with that motion, preliminary approval of the settlement terms are GRANTED.

6.      More specifically, at this preliminary stage, the court finds that the proposed settlement appears to be fair, reasonable, and adequate when the merits and risks of the class members claims are balanced against the amount offered in settlement.  *Kaufman v. Am. Express Travel Related Servs.*, 877 F.3d 276, 284-85 (7th Cir. 2017).[3]

7.      Under the terms of the settlement and fee shifting provision of the FCRA, plaintiff attorneys' fees will be paid directly by defendant and will not come from the class fund.  The court will further review and approve any final payment amount, but in any event reasonable attorneys' fees and expenses to be paid by defendant will not exceed $25,000.

## III.     Appointment of Plaintiff's Counsel as Class Counsel and the Named Plaintiff as Class Representative

8.      The court certifies Thomas J. Lyons, Jr. of the Consumer Justice Center, P.A., as class counsel because:

      a.   he meets the requirements of Fed. R. Civ. P. 23(g);

      b.   he has done substantial work identifying, investigating, prosecuting, and settling the putative Rule 23 Class members' claims;

      c.   he has substantial experience in consumer protection litigation and class

---

[3] The parties preliminarily represent that: "Under the terms of the settlement, defendant has agreed to pay more than the statutory cap for damages available to class members.  Thus, the settlement amount represents the maximum liability amount imposed by law."  (Dkt. #17-2, 9.)  However, they did not provide a citation in support of this assertion, and it would appear that damage awards for violations of the FCRA could range from $100-$1000 per violation, and if so, $60 would not represent the statutory cap.  Obviously, class counsel will need to address this further in advance of the fairness hearing.

actions; and

    d.  his work in litigating and settling this case demonstrates his commitment to representing the class's interests.

9.    The court further appoints plaintiff Tanya Boudreaux as the class representative of the Rule 23 Class in light of her membership in the class and her involvement in the class action to date.

## IV.    Class Notice and Settlement Procedure

10.  Under Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> The best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

11.  As amended below, the notices satisfy each of the requirements of Fed. R. Civ. P. 23(c)(2)(B) and provide adequate notice of the proposed settlement to the Rule 23 class members. Accordingly, the court approves the proposed Class Notice filed at dkt. #17-4, as amended.

12.  In the section entitled "Entering an appearance," class members who wish to enter an appearance are directed to file a written notice of appearance with the Clerk of the Court. Specifically, the notice should be amended to *not* require that notices be served upon both the Class Counsel and defendant's counsel; instead, the parties' counsel will

receive notice of an appearance through the case docket.

13.     In the section entitled "Excluding yourself from the settlement," persons who wish to exclude themselves from the class are directed to mail written requests for exclusion to the Clerk of this Court.  Specifically, persons wishing to opt out should *not* be required to notify the parties; instead, the parties will receive notice of an exclusion request though the case docket.

14.     In the section entitled "What if you want to object to the settlement?" class members who wish to object to the settlement are directed to mail any formal objection or letter to the Clerk of this Court.  Specifically, this section should be amended to require that objections be mailed to the Clerk of Court only, with notice of objection to counsel again received thought the case docket.  Any notice of objection should include a statement of each objection and the reasons for it.

15.     The Class Notice shall be distributed to the Class as follows: On or before August 24,[4] Defendant or its designee will print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendant's records, with a notation on the envelopes requesting address correction.  If any notice is returned with a new address, the notice will be remailed to the new address.  As to any Class Member whose notice is returned without a forwarding address, Defendant or its designee shall run such Class Member through the National Change of Address database to seek a good address and re-send the Notice to any Class Member for whom it is able to obtain a new

---

[4] The parties originally requested 30 days to accomplish actual notice (dkt. #17-1, 6), but with COVID-19, they more recently emailed to ask for additional time.  Hence, the court has provided a 60-day period to do so.

address as a result of such search.  Defendant shall use its best efforts to provide prompt re-sending of any returned notices.  However, Defendant and its attorneys shall not be responsible for the failure of the Postal Service to timely deliver or return a class notice *provided* any class member is provided *at least* 7 actual days from re-sending the Notice. Defendant shall have no obligation to re-send a notice that is not returned by the Postal Service until after the seventh day before the Final Fairness Hearing.  At or before the Final Fairness Hearing, Defendant shall provide Class Counsel with a complete list of the names of the members of the Class.

16.     Any attorney for a class member who desires to enter an appearance or speak pursuant to Rule 23(c)(2)(B)(iv) must do so seven (7) days before the final hearing.  Class Members who wish to exclude themselves from (opt out of) the Class and the proposed Settlement must mail a written request for exclusion to the Clerk of this Court postmarked no later than November 14, 2020, which is ten (10) days before the Final Fairness Hearing. In any such written request for exclusion, the Class Member must set forth his or her full name, address, and telephone number, and the last four digits of his or her Social Security number, together with a statement to the effect that he or she wishes to be excluded from or opt out of the Class.

17.     Any Class Member who submits a valid request for exclusion at any time before the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

18.     No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed

attorneys' fees and expenses or the proposed Class Representative's award unless not later than November 10, 2020, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Counsel for Defendant a written notice of their intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

19.     This Order shall not be construed or deemed to be a finding by this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning: (1) any alleged liability, fault, or wrongdoing by Defendant; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than Settlement.  If the Settlement Agreement is terminated by its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

20.     No later than November 10, 2020, class counsel shall file a petition for attorneys' fees and costs.  A motion for final approval and any briefing in support, as well as any objection to class counsel's fee petition, are due on or before November 17, 2020.

Entered this 23rd day of June, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

9