IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TANYA BOUDREAUX, on behalf of herself and all others similarly situated, | : : : : |
| Plaintiff, | : : |
| v. | : Case No. 3:18-cv-00957-wmc : |
| GURSTEL LAW FIRM, P.C., | : : |
| Defendant. | : |

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEYS' FEES, COSTS, EXPENSES, AND INCENTIVE AWARD**

Tanya Boudreaux (hereinafter referred to as "Plaintiff") moves that the Court finally certify a proposed settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure, and in support of such motion respectfully shows the following:

**1. NATURE OF THE CASE**

1.01. Plaintiff is an individual consumer who allegedly became delinquent on her consumer debt. Defendant is a multi-state law firm that attempted to collect such debt from Plaintiff. Plaintiff contends that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. by filing suit against each of the members of the Class and including with each such suit one or more exhibits to the state court complaint that contained the Class member's unredacted credit score. Plaintiff asserts that such violations render Defendant liable for her and each Class Member for damages under the FCRA.

1

1.02. Defendant denies Plaintiff's allegations and asserts that it has no liability under state or federal law to Plaintiff or the class she seeks to represent. Defendant contends that the attachment of a monthly billing statement to court filings is not the use of a consumer report, even if the billing statement contains a credit score. Defendant further contends that the credit scores at issue are not consumer reports as defined in the FCRA.

## 2. MOTION

2.01. On June 23, 2020, after briefing and due consideration, the Court entered its order certifying the Settlement Class, approving notice to the Settlement Class, and granting preliminarily approval of the settlement set forth in the Settlement Agreement between Representative Plaintiff and Defendant. *See* Preliminary Approval Order (*Dkt. No. 20*).

2.02. The Court certified the following Settlement Class: all individuals in the United States against whom, during the period from November 20, 2016, through the date of preliminary approval, Defendant filed a state court complaint on a consumer debt, in which the complaint or the exhibits thereto contained the consumer's unredacted credit score.

## 3. JOINT MOTION

3.01. Defendant joins in the request for certification solely for settlement purposes. In the event that the settlement is not finally approved, Plaintiff stipulates that the certification order will be set aside and neither this motion nor the settlement agreement will in any way prejudice Defendant's right to contest certification on any legal or equitable grounds.

3.02. In light of, and subject to the approval of the settlement agreement attached hereto, Plaintiff and Defendant jointly move that the Court find that the settlement agreement is fair, reasonable, and adequate, and in the best interest of the settlement class, grant final approval to the settlement, and enter the proposed Final Approval Order.

3.03. Movants hereby stipulate that any failure of the Court to approve the settlement shall not operate as a waiver of the claims or defenses of any of the parties on the issue of certification at any such contested hearing.

3.04. Movants hereby stipulate that certification of the class is conditioned upon:

    a. the accuracy of the representations and warranties contained in the Settlement Agreement;

    b. the performance by the Movants of their respective obligations under the Settlement Agreement in all material respects prior to the Consummation Date (as defined in the Settlement Agreement);

    c. the entry of a final order releasing on behalf of Plaintiff and the Class, all of the Released Claims as defined in the Settlement Agreement;

    d. the receipt by the Movants of all documents reasonably required to implement the Settlement Agreement; and

    e. no other class actions being certified against Defendant asserting causes of action substantially identical to those asserted by Plaintiff in the present case.

3.05. In the event that any one of the foregoing conditions is not met as required by the Settlement Agreement, Movants agree that upon motion to the Court, the Court will then decertify the class and take up the issue of certification as a contested matter.

## 4. NATURE OF SETTLEMENT

4.01. On July 14, 2020, Defendant mailed out the Notice, addressed to 152 Settlement Class Members by first class mail, postage prepaid, with forwarding service requested. *See* Declaration of Sarah Hooper Fischer ("Fischer Decl.") ¶ 5. Prior to mailing, Defendant caused the addresses in the Class Member List to be updated using the National Change of Address database ("NCOA") maintained by the U.S. Postal Service. *Id.* As of November 11, 2020, only one of these notices were returned by the United States Postal Service with a new address and was re-mailed. *Id.* ¶ 7. Therefore, individual notice reached enough potential Settlement Class Members to satisfy due process concerns.

4.02. The Settlement provides substantial benefits to the Class (as defined herein), which is a Class for settlement purposes only, and is fair, reasonable, and adequate in light of the relevant facts, the applicable law, and the potential value of the settlement to the Class.

4.03. The settlement provides cash benefits of $60.00 to each Settlement Class Member without the need for a proof of claim. No class members excluded themself from the settlement and no class member filed an objection. *See* Fischer Decl. ¶¶ 8-9.

4.04. Courts in the District of Wisconsin have approved similar and smaller amounts on many occasions. *See, e.g.*, *Voeks v. Patenaude & Felix, A.P.C.,* Case No. 18-cv-01393, Order signed on October 5, 2020 (Dkt. No. 43) ($83.33 per class member);

*Beaufrand v. Encore Receivable Management, Inc.,* Case No. 17-cv-721, Order signed March 4, 2019 (Dkt. No. 49) ($275 per class member); *Sievert v. Alltran Financial, LP,* Case No. 16-cv-1309, Order signed September 19, 2018 (Dkt No. 57) ($275 per class member); *Brace v. NCC Business Services,* 17-cv-345, (Final Order on Class Action Settlement) (Dkt. No. 27) (E.D. Wis. June 6, 2018) ($90 per class member); *Tesch v. Dynamic Recovery Solutions, LLC*, 17-cv-263, (Final Order on Class Action Settlement) (Dkt. No. 27) (E.D. Wis. Dec. 21, 2017) ($78.08 per class member); *Cervantes v. RCS Recovery Services,* 15-cv-112, (Final Order on Class Action Settlement) (Dkt. No. 45) (E.D. Wis. May 26, 2016) ($200.00 per class member); *Baker v. Credit Control, LLC,* 15-cv-303, (Final Order Approving Class Action Settlement) (Dkt No. 38) (E.D. Wis. May 26, 2016) ($194.17 per class member); *Kelm v. First Associates Loan Servicing, LLC,* 15-cv-500 (Final Order and Judgment Approving Class Action Settlement) (Dkt. No. 33) (E.D. Wis. June 1, 2016) ($28.98 per class member); *Oravecz v. Cavalry Portfolio Services, LLC, et al.,* 14-cv-1126-LA, (Final Order on Class Action Settlement) (Dkt. No. 31) (E.D. Wis. Oct. 29, 2015) ($149.77 per class member); *Oravecz v. Action Financial Services, LLC*, 14-cv-1124-WED, (Final Order on Class Action Settlement) (Dkt. No. 36) (E.D. Wis. June 30, 2015) ($79.37 per class member); *Paddock v. Fay Servicing, LLC*, No. 14-cv-454-JPS, slip op at 2 (Final Order On Class Action Settlement) (E.D. Wis. Mar. 25, 2015) ($100.00 per class member); *Decker v. Cavalry Portfolio Services, LLC*, No. 13-cv-399-RTR, slip op. at 3 (Final Order On Class Action Settlement) (Dkt. No. 21) (E.D. Wis. Jan. 14, 201) ($44.94 per class member; *Ihde et al. v. The CBE Group, Inc.*, No. 12-cv-906-LA, Final Order Approving Class Action Settlement (Dkt. No. 32) (E.D. Wis. Dec. 2, 2013) ($85.11

5

per class member); *Schulz v. Rushmore Service Center, LLC,* No. 13-cv-105-LA, Final Order and Judgment Approving Class Action Settlement (Dkt. No. 24) (E.D. Wis. Aug. 28, 2013) ($36.63 per class member); *Waliszewski v. Amsher Collection Services, Inc.*, No. 05-cv-942-PJG, 2006 U.S. Dist. LEXIS 97770 at *2 (E.D. Wis. Nov. 9, 2006) ($43.48 per class member); *Hohler v. Ameristar Financial Servicing Company LLC*, No. 05-cv-568-PJG (E.D. Wis., April 26, 2006) ($26.74 per class member); *Berther*, 2007 U.S. Dist. LEXIS 44500 at *8-10 ($10 per class member); *Ewald v. West Asset Management, Inc.*, No. 05-cv-1320-CNC (E.D. Wis. Oct. 26, 2007) ($75 per class member); *Seeger*, 2007 U.S. Dist. LEXIS 22824 at *20 ($22.28 per class member); *Schneider v. TSYS Total Debt Mgmt.*, No. 06-cv-345-WEC (E.D. Wis. Nov. 9, 2007) ($10 per class member); *Socha v. OSI Collection Services, Inc.*, No. 05-cv-572 (E.D. Wis. Jan. 22, 2008) ($20.49 per class member); *Radaj v. ARS National Services, Inc.*, No. 05-cv-773-CNC (E.D. Wis. Apr. 24, 2008) ($8.71 per class member); *Wanty v. Messerli & Kramer PA*, No. 05-cv-350-JPS (E.D. Wis. Jun. 5, 2008) ($26.18 per class member); *Muha v. Encore Receivable Management Inc.*, No. 05-cv-940-JPS (E.D. Wis. July 27, 2010) ($23.36 per class member); *Bernal v. Corestar Financial Group*, No. 06-cv-9-LA (E.D. Wis. Aug. 21, 2007) ($25.00 per class member in a Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") settlement).

4.05. An analysis of the factors outlined by the Seventh Circuit in *Synfuel Technologies., Inc. v. DHL Express (USA) Inc.*, 463 F.3d 646 (7th Cir. 2006), illustrates that the settlement is fair, reasonable, and adequate, and that it should be finally approved.

4.06. Plaintiff's participation and willingness to undertake the responsibilities and risks attendant with bringing this class action warrant that he be awarded the proposed individual incentive award of $3,000.00. (*Dkt. No. 17-1*). This amount, as well as greater amounts, has been approved in similar actions. *See, e.g.*, *Voeks v. Patenaude & Felix, A.P.C.,* Case No. 18-cv-01393, (Final Order on Class Action Settlement at 4,i); *Beaufrand v. Encore Receivable Management, Inc.,* Case No. 17-cv-721, (Final Order on Class Action Settlement); *Tesch v. Dynamic Recovery Solutions, LLC*, 17-cv-263, (Final Order on Class Action Settlement); *Cervantes v. RCS Recovery Services,* 15-cv-112, (Final Order on Class Action Settlement at 4,ii) (E.D. Wis. May 26, 2016); *Baker v. Credit Control, LLC,* 15-cv-303, (Final Order Approving Class Action Settlement at 4,i) (E.D. Wis. May 26, 2016); *Donnelly v. EquityExperts.org, LLC*, 2015 U.S. Dist. LEXIS 8240, *9 (E.D. Mich. Jan. 14, 2015); *Wess v. Storey*, 2011 U.S. Dist. LEXIS 41050, *7 (S.D. Ohio Apr. 14, 2011); *Durham v. Cont'l Cent. Credit, Inc.*, 2011 U.S. Dist. LEXIS 58684, *5 (S.D. Cal. June 2, 2011) ($3,000 incentive award plus $1,000 statutory damages); *Rosenau v. Unifund Corp.*, 646 F. Supp. 2d 743, 755 (E.D. Pa. 2009); *Henderson v. Eaton*, 2002 U.S. Dist. LEXIS 20840, *18 (E.D. La. Oct. 25, 2002) ("when the incentive compensation falls in the modest range of $ 2,000 to $ 3,000, it is generally held unnecessary to consider the amount of time and money spent in the litigation and other circumstances relating to costs.").

4.07. Furthermore, Representative Plaintiff's requests for an award of attorney's fees and costs, in the amount of $25,000.00, is reasonable, as illustrated by an analysis of the factors set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The FCRA provides

for recovery of reasonable attorney fees and costs. Here, in the present action Plaintiff's counsel incurred more than the requested amount.

4.08. Various Districts have found Class Counsel's hourly rates, time expended, and expenses to be reasonable in the following consumer protection class action cases: *Eggen v. WESTconsin,* 14-cv-873-bbc, Western District of Wisconsin (February 26, 2016); *Cassidy v. Active Sports*, 14-cv-3022 SER, District of Minnesota (April 6, 2016); *Nelson v. BMW Financial et al,* 15-cv-2661 SER, District of Minnesota (March 8, 2017); *Vonasek v. BOTW, et al,* 16-cv-342-DTS, District of Minnesota (January 30, 2018); *Swenson v. WESTconsin,* 16-cv-2344 MJD/HB, District of Minnesota (February 28, 2018); *Lovestone v. Aargon Agency,* 17-cv-2314-KMM, District of Minnesota (May 15, 2018); and *Clark v. JP Morgan Chase Bank, et al*, 17-cv-01069 SRN/KMM, District of Minnesota (December 12, 2018).

4.09. Upon confirmation of the settlement at the Final Fairness Hearing the final order will release Defendants of all liability to the Class for the Released Claims and will enjoin Class Members from pursuing or filing suit upon the Released Claims.

WHEREFORE, PREMISES CONSIDERED, Movants pray that the Court enter an Order:

1. finding that the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of the Settlement Class, granting final approval to the settlement, and entering the proposed Final Approval Order;

2. granting Representative Plaintiff's request for attorney's fees and reasonable costs and expenses in the amount of $25,000.00; and an incentive award for Representative Plaintiff in the amount of $3,000; and;

3. granting such other and additional relief as the Court may deem just and appropriate.

Movants further pray for all such other and further relief, both at law and in equity, as to which they may be justly entitled.

Respectfully submitted,

| | |
|---|---|
| */s/ Thomas J. Lyons, Jr.* | */s/ Manuel H. Newburger* |
| Thomas J. Lyons, Jr. | Manuel H. Newburger |
| CONSUMER JUSTICE CENTER, P.A. | BARRON & NEWBURGER, P.C. |
| 367 Commerce Court | 7320 N. MoPac Expy., Suite 400 |
| Vadnais Heights, MN 55127 | Austin, TX 78731 |
| Telephone: (651) 770-9707 | (512) 649-4022 |
| Facsimile: (651) 704-0907 | Fax: (512) 279-0310 |
| tommy@consumerjusticecenter.com | mnewburger@bn-lawyers.com |
| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing Motion has been served on Defendant's attorney below through the Court's ECF system, on this 17th day of November, 2020.

/s/ Thomas J. Lyons, Jr.
Thomas J. Lyons, Jr.
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com

SERVICE LIST:

Manuel H. Newburger
mnewburger@bn-lawyers.com

ATTORNEY FOR DEFENDANT