IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TANYA BOUDREAUX, on behalf of herself and all others similarly situated, | : : : : |
| Plaintiff, | : : |
| v. | : Case No.  3:18-cv-00957-wmc |
| GURSTEL LAW FIRM, P.C., | : : : |
| Defendant. | : |

**BRIEF IN SUPPORT OF THE PARTIES' JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARD OF ATTORNEY'S FEES, COSTS, EXPENSES, AND INCENTIVE AWARD**

Tanya Boudreaux (hereinafter referred to as "Plaintiff") and Gurstel Law Firm, P.C. (hereafter referred to as "Defendant") submit this brief in support of the parties' Joint Motion for Final Approval of Class Action Settlement and Award of Attorney's Fees, costs and Incentive Award, and in support of such motion would respectfully show the following:

**NATURE OF THE CASE**

Plaintiff is an individual consumer who allegedly became delinquent on her consumer debt on her Discover credit card account. Defendant is a multi-state law firm that attempted to collect such debt from Plaintiff.  Plaintiff contends that in attempting to collect through litigation from her and the Class she seeks to represent, Defendant allegedly violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. by attaching as exhibits to the state court complaints exhibits consisting of her Discover account statements that

1

contained unredacted FICO scores. Plaintiff asserts that the failure to redact the FICO scores renders Defendant liable for damages to her and the Class she seeks to represent.

Defendant denies Plaintiff's allegations and asserts that it has no liability under state or federal law to Plaintiff or the class she seeks to represent. Defendant contends that the attachment of a monthly billing statement to court filings is not the use of a consumer report, even if the billing statement contains a credit score. Defendant further contends that the credit scores at issue are not consumer reports as defined in the FCRA. Although the law in this circuit is unsettled there is case law from outside of this circuit supporting both parties' positions.

On June 23, 2020, after briefing and due consideration, the Court entered its order certifying the Settlement Class, approving notice to the Settlement Class, and granting preliminarily approval of the settlement set forth in the Settlement Agreement between Representative Plaintiff and Defendant (collectively, the "Settling Parties"). *See* Preliminary Approval Order (*Dkt. No. 20*). The settlement is an excellent one and makes cash benefits available to all Settlement Class Members. Individual Notice was mailed to each Settlement Class Member. *See* Declaration of Sarah Hooper Fischer ("Fischer Decl.").

An analysis of the factors outlined by the Seventh Circuit in *Synfuel Technologies., Inc. v DHL Express (USA) Inc.*, 463 F.3d 646 (7th Cir. 2006), establishes that the settlement is fair, reasonable, and adequate. Furthermore, Representative Plaintiff's request for an award of attorneys' fees, costs, and expenses, and incentive award is reasonable. Thus, Representative Plaintiff respectfully requests that the Court grant final approval of the settlement and award the attorney's fees, expenses, and incentive award requested herein.

**I.     The Litigation**

The litigation concerns a consumer class action complaint brought on behalf of Representative Plaintiff, individually, and on behalf of all Persons, who Defendant attached as exhibits to the state court complaints exhibits consisting of Discover credit card account statements that contained unredacted FICO scores.

Defendant denies that it violated the FCRA. Contested litigation commenced, but the Settling Parties ultimately engaged in extensive, arm's length negotiations until a settlement was reached. The settlement resolves all Claims against Defendant.

The parties have agreed to a settlement of this suit on a class-wide basis. The essential terms of the settlement are set out in the Settlement Agreement attached as <u>Exhibit A</u> to the parties' Motion for Preliminary Approval. (*Dkt. No. 17-1*).

   **A.     The Settlement Class Definition**

The Settlement Class certified by the Court is defined as follows: all individuals in the United States against whom, during the period from November 20, 2016, through the date of preliminary approval, Defendant filed a state court complaint on a consumer debt, in which the complaint or the exhibits thereto contained the consumer's unredacted credit score. (*Dkt. No. 17-1*).

   **B.     Settlement Benefits**

The Settlement provides substantial benefits to the Class, which includes 152 individuals. Subject to the terms of the Settlement Agreement, Defendant will pay $60.00 to each Class Member to resolve this litigation on a class-wide basis. No claim form has been required, and the distribution will go out to every class member. Plaintiff shall receive

$3,000.00 in settlement of her individual FCRA claims and as an incentive award for serving as class representative, independent of the class settlement amount.

Defendant mailed the class notice and is administering the claims. Defendant will bear the costs of administration and pay Class Counsel's attorney's fees separate and apart from the cash benefit to the class, as approved by the Court. Defendant agreed not to object to the amount of Class Counsel's fees and costs, so long as such fees do not exceed $25,000.00. The FCRA requires Defendant to pay Plaintiff's reasonable attorney's fees and costs. 15 U.S.C. § 1681n. *Dechert v. Cadle Co.*, 441 F.3d 474, 475 (7th Cir. 2006), citing *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources,* 532 U.S. 598, 603 (2001); *King v. Illinois State Board of Elections,* 410 F.3d 404, 414 (7th Cir. 2005); *Palmetto Properties, Inc. v. County of DuPage,* 375 F.3d 542, 547 (7th Cir.2004); *Crabill v. Trans Union, L.L.C.,* 259 F.3d 662, 666-67 (7th Cir. 2001); *Nagle v. Experian Information Solutions, Inc.,* 297 F.3d 1305 (11th Cir. 2002).

### C.    The Notice Program Was Substantial and Effective

Constitutional due process requires that absent class members be provided the best notice practicable, reasonably calculated to apprise them of the pendency of the action and affording them the opportunity to object. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); Fed. R. Civ. P. 23(c)(2)(B). The mechanics of the notice process, however, "are left to the discretion of the court subject only to the broad 'reasonableness' standard imposed by due process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975). First class mail will generally satisfy Rule 23(c)(2)'s requirement of "the best notice practicable under the circumstances." *See, e.g., Eisen v. Carlisle & Jacquelin*, 417 U.S.

156, 173-75; *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 484, 491 (1988) (notice to creditor of estate); *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 799-800 (1983) (notice to mortgagee of tax foreclosure); *Schroeder v. New York*, 371 U.S. 208, 214 (1962) (notice of condemnation proceeding). Noting the Supreme Court's "obvious awareness" that not every first-class letter is actually received by the addressee, *Weigner v. New York*, 852 F.2d 646, 651 (2d Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989), one may logically conclude that the due process clause does not offer a guarantee of notice to a class member. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318-19 (1950).

Here, Notice was effective and provided Settlement Class Members the best notice practicable under the circumstances. The Notice Program was developed and implemented by the Settling Parties. As summarized herein, and explained in the Fischer Decl., Defendant mailed out the Notice by first class mail, postage prepaid, with forwarding service requested, addressed to 152 Settlement Class Members, with 0 being returned as undeliverable. *Id.* ¶¶ 5-9. Individual Notice, therefore, reached enough potential Settlement Class Members to satisfy due process concerns. *Eisen*, 417 U.S. at 173-75. Altogether, the Notice Program, with its extensive and thorough efforts to reach as many Settlement Class Members as possible, provided the Settlement Class with the best notice practicable under the circumstances.

    **D.**    **Attorney's Fees and Expenses, and Incentive Award**

This litigation has been contested and has been pending since November 2018. Although a lodestar analysis is not required, it is noteworthy that, to date, Representative

Plaintiff's counsel in this matter has expended 72.90 hours prosecuting this matter, representing a combined lodestar of $32,803.05. Representative Plaintiff's counsel has also incurred $613.10 in costs. Defendant has agreed not to oppose a request for attorney's fees and costs in the amount of $25,000.00. Defendant has also agreed to the payment of an incentive award to Representative Plaintiff in the amount of $3,000.00 for both her individual statutory damages (15 U.S.C. § 1681n) and for her efforts in this matter on behalf of the Settlement Class.

## II.     Final Approval of the Settlement is Appropriate

"Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). When evaluating the fairness of a settlement, a court must consider the following factors: (1) the strength of a plaintiff's case compared to the value of the settlement; (2) the likely complexity, length, and expense of the litigation; (3) the amount of opposition to the settlement; (4) the opinions of competent counsel; (5) and the stage of the proceedings and amount of discovery completed at the time of settlement. *Synfuel Techs, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (citations and quotations omitted). When determining whether to grant final approval to a settlement, a court's inquiry is limited to whether "the proposed settlement is lawful, fair, reasonable, and adequate." *Isby*, 75 F.3d at 1196. An analysis of these factors here illustrates that the settlement is fair, reasonable, and adequate, and final approval is appropriate.

### A. The Strength of Representative Plaintiff's Case

The "most important factor relevant to the fairness of a class action settlement" is the "strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Synfuel Techs. Inc.*, 463 F.3d at 653. When balancing the strength of a plaintiff's case against the benefits offered under the settlement, a court should begin by quantifying the net expected value of continued litigation, through estimating the "range of possible outcomes and ascrib[e] a probability to each point on the range" and then discounting the outcomes to the present using a reasonable interest rate tailored to the facts of this case. *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 284-82 (7th Cir. 2002). Although a high degree of precision cannot be expected in valuing the litigation, a court should, nevertheless, attempt to come up with ballpark figures from which to derive whether the settlement is within the range of reasonable settlements. *Synfuel Techs. Inc.*, 463 F.3d at 653.

While Representative Plaintiff believes that her claims have merit, she acknowledges that she would encounter several significant risks in litigating this matter to conclusion, including the possibility of receiving no recovery on her claims. Representative Plaintiff acknowledges that substantial and complex briefing regarding the effects, if any, that federal and/or state law have on Representative Plaintiff's claims would be required were this litigation to proceed absent settlement.

Further, absent settlement, Representative Plaintiff anticipates that Defendant would vigorously contest Plaintiff's motion for class certification in this matter, and there is no guarantee that Plaintiff would prevail at this stage. *Pella Corp. v. Saltzman*, 606 F.3d

7

391, 393 (7th Cir. 2010) ("Class treatment of consumer fraud cases can certainly present difficulties, and courts should consider these concerns before deciding to grant class certification"). Additionally, any ruling on class certification would likely be appealed pursuant to Rule 23(f), further lengthening and complicating the matter.

If Defendant were to prevail on one or more of its arguments, including affirmative defenses, a risk exists that the Settlement Class could receive little or no recovery. If, however, Representative Plaintiff were to prevail on her claims, it is possible that Settlement Class Members could recover only a small amount of statutory damages (from $100-1000 only if she could prove that Defendant's alleged violation of the FCRA was willful pursuant to 15 U.S.C. 1681n). When determining the value of the litigation and comparing such value to the substantial benefits provided under the settlement, Representative Plaintiff submits that use of a significant discount percentage is appropriate in this case.

In contrast to these risks of continued litigation, the settlement offers a timely and substantial cash recovery to the Settlement Class. Each class member will receive $60.00, which represents a substantial recovery in class settlements in cases seeking statutory damages under consumer protection statutes; Courts in the District of Wisconsin have approved similar and smaller amounts on several occasions in FCRA class action settlements. *See, e.g.*, *Voeks v. Patenaude & Felix, A.P.C.,* Case No. 18-cv-01393, Order signed on October 5, 2020 (Dkt. No. 43) ($83.33 per class member); *Beaufrand v. Encore Receivable Management, Inc.*, Case No. 17-cv-721, Order signed March 4, 2019 (Dkt. No. 49) ($275 per class member); *Sievert v. Alltran Financial, LP*, Case No. 16-cv-1309, Order

8

signed September 19, 2018 (Dkt No. 57) ($275 per class member); *Brace v. NCC Business Services,* 17-cv-345, (Final Order on Class Action Settlement) (Dkt. No. 27) (E.D. Wis. June 6, 2018) ($90 per class member) *Tesch v. Dynamic Recovery Solutions, LLC*, 17-cv-263, (Final Order on Class Action Settlement) (Dkt. No. 27) (E.D. Wis. Dec. 21, 2017) ($78.08 per class member); *Cervantes v. RCS Recovery Services,* 15-cv-112, (Final Order on Class Action Settlement) (Dkt. No. 45) (E.D. Wis. May 26, 2016) ($200.00 per class member); *Baker v. Credit Control, LLC,* 15-cv-303, (Final Order Approving Class Action Settlement) (Dkt No. 38) (E.D. Wis. May 26, 2016) ($194.17 per class member); *Kelm v. First Associates Loan Servicing, LLC,* 15-cv-500 (Final Order and Judgment Approving Class Action Settlement) (Dkt. No. 33) (E.D. Wis. June 1, 2016) ($28.98 per class member); *Oravecz v. Cavalry Portfolio Services, LLC, et al.,* 14-cv-1126-LA, (Final Order on Class Action Settlement) (Dkt. No. 31) (E.D. Wis. Oct. 29, 2015) ($149.77 per class member); *Oravecz v. Action Financial Services, LLC*, 14-cv-1124-WED, (Final Order on Class Action Settlement) (Dkt. No. 36) (E.D. Wis. June 30, 2015) ($79.37 per class member); *Paddock v. Fay Servicing, LLC*, No. 14-cv-454-JPS, slip op at 2 (Final Order On Class Action Settlement) (E.D. Wis. Mar. 25, 2015) ($100.00 per class member); *Decker v. Cavalry Portfolio Services, LLC*, No. 13-cv-399-RTR, slip op. at 3 (Final Order On Class Action Settlement) (Dkt. No. 21) (E.D. Wis. Jan. 14, 2014) ($44.94 per class member); *Ihde et al. v. The CBE Group, Inc.*, No. 12-cv-906-LA, Final Order Approving Class Action Settlement (Dkt. No. 32) (E.D. Wis. Dec. 2, 2013) ($85.11 per class member); *Schulz v. Rushmore Service Center, LLC,* No. 13-cv-105-LA, Final Order and Judgment Approving Class Action Settlement (Dkt. No. 24) (E.D. Wis. Aug. 28, 2013) ($36.63 per class

9

member); *Waliszewski v. Amsher Collection Services, Inc.*, No. 05-cv-942-PJG, 2006 U.S. Dist. LEXIS 97770 at *2 (E.D. Wis. Nov. 9, 2006) ($43.48 per class member); *Hohler v. Ameristar Financial Servicing Company LLC*, No. 05-cv-568-PJG (E.D. Wis., April 26, 2006) ($26.74 per class member); *Berther*, 2007 U.S. Dist. LEXIS 44500 at *8-10 ($10 per class member); *Ewald v. West Asset Management, Inc.*, No. 05-cv-1320-CNC (E.D. Wis. Oct. 26, 2007) ($75 per class member); *Seeger*, 2007 U.S. Dist. LEXIS 22824 at *20 ($22.28 per class member); *Schneider v. TSYS Total Debt Mgmt.*, No. 06-cv-345-WEC (E.D. Wis. Nov. 9, 2007) ($10 per class member); *Socha v. OSI Collection Services, Inc.*, No. 05-cv-572 (E.D. Wis. Jan. 22, 2008) ($20.49 per class member); *Radaj v. ARS National Services, Inc.*, No. 05-cv-773-CNC (E.D. Wis. Apr. 24, 2008) ($8.71 per class member); *Wanty v. Messerli & Kramer PA*, No. 05-cv-350-JPS (E.D. Wis. Jun. 5, 2008) ($26.18 per class member); *Muha v. Encore Receivable Management Inc.*, No. 05-cv-940-JPS (E.D. Wis. July 27, 2010) ($23.36 per class member); *Bernal v. Corestar Financial Group*, No. 06-cv-9-LA (E.D. Wis. Aug. 21, 2007) ($25.00 per class member in a Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA) settlement).

In addition to the $60.00 being made available to each Settlement Class Member, Defendant has also agreed to pay attorney's fees and costs up to $25,000, which also benefits the Settlement Class. *Zagorski v. Midwest Billing Servs.*, 128 F.3d 1164, 1167, n.6 (7th Cir. 1997) (an award of reasonable attorneys' fees has deterrent effect); *Owens v. Howe*, 365 F. Supp. 2d 942, 951 (N.D. Ind. 2005).

**B.     The Likely Complexity, Length, and Expense of Litigation**

Prosecuting this litigation through trial and appeal would be lengthy, complex, and would impose significant costs on all parties. *See, e.g., In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000) (recognizing that "[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them."). Continued proceedings would likely include substantial motion practice, continued fact discovery, class certification proceedings, dispositive motions, trial, and appeal. Specifically, the FCRA claim at issue has been litigated in other courts, reached opposite results and especially this claim was novel and there is case law contrary to Plaintiff's position. *See, Kleczewski v. Messerli & Kramer P.A.,* 2:18-cv-00422-PP (E.D. WI Jan. 23, 2019); *Van Gorp v. Commerce Bank* No. 4-17-cv-189-CRW-CFB (S.D. Iowa 2017) (defendant published the plaintiff's FICO credit score in a court filing; defendant prevailed on a motion for summary judgment); *Schmitz v. Wetsch Abbott Osborn Van Vliet PLC,* No. 4-18-cv-00015-RP-CFB (S.D. Iowa 2018); *Geiling v. Wirt Fin. Serv., Inc.,* 2015 WL 1529866, at *7 (E.D. Mich. Mar. 31, 2015).

The settlement, in contrast, delivers a cash remedy that fairly, reasonably, and adequately addresses the situation confronting the members of the Settlement Class without the risk or delay inherent in prosecuting this matter through trial and appeal. Thus, this factor favors approval of the settlement. *See, e.g., Weinberger v. Kendrick,* 698 F.2d 61, 73 (2d Cir. 1982) ("There are weighty justifications, such as the reduction of litigation and related expenses, for the general policy favoring the settlement of litigation."); *In re Sunrise Sec. Litig.,* 131 F.R.D. 450, 455 (E.D. Pa. 1990) (approving a class action settlement

11

because, in part, the settlement "will alleviate . . . the extraordinary complexity, expense and likely duration of this litigation").

### C. The Amount of Opposition to the Settlement

All 152 Settlement Class Members were mailed individual notice of the settlement. Fischer Decl. ¶ 5. After this substantial notice effort, no objections to the settlement were submitted and no requests for exclusion was received. *Id.*¶¶ 8-9. The fact there were no requests for exclusion out 152 Class Members supports approval of the settlement. *See, e.g.*, *Shlensky v. Dorsey*, 574 F.2d 131, 148 (3d Cir. 1978) (stating that "[o]ne of the factors to be considered in determining the fairness of a settlement disposing of a class action is the reaction of the members of the class," and noting that the overwhelming majority of class members did not object to settlement); *Reynolds v. Nat'l Football League*, 584 F.2d 280 (8th Cir. 1978) (affirming approval of settlement agreement and noting that 15 objectors out of 1,400 active players and one objector out of 4,300 retired players did not indicate any substantial dissatisfaction with the settlement agreement); *In re SmithKline Beecham Corp. Sec. Litig.*, 751 F. Supp. 525, 530 (E.D. Pa. 1990) (approving class action settlement and stating that "the reaction of the class to the proffered settlement is perhaps the most significant factor to be weighed in considering its adequacy, particularly when the relief is expressed in monetary terms" and that "the utter absence of objections and the nominal number of shareholders who have exercised their right to opt out of this litigation militate strongly in favor of approval of the settlement.").

### D. The Opinion of Competent Counsel

The opinion of competent counsel is a factor to be considered by the Court in determining whether the settlement is fair, reasonable, and adequate. *Isby*, 75 F.3d at 1200. Class Counsel has an extensive background in consumer class actions and complex litigation and is of the opinion that the settlement is an excellent one, readily satisfying the standard of being fair, reasonable, and adequate. *See Declaration of Thomas J. Lyons Jr. ("Lyons Decl.") Ex. 1*. Thus, this factor weighs in favor of the settlement's approval.

### E. The Amount of Discovery Completed at the Time of Settlement

During arm's-length negotiations occurring prior to settlement, Settlement Class Counsel engaged in informal and formal written discovery. *See* Manual for Complex Litigation (Fourth) at § 11.423 (2004) (noting that informal discovery is a recognized method of minimizing the cost, delay, and burden associated with formal discovery). Settlement Class Counsel had multiple conversations and exchanges with Defendant's counsel, during which information was appropriately shared, as is the case not only in class actions but in other litigation as well, where counsel explore and advance resolution, as all counsel should. Defendant responded to written discovery and produced information that confirmed the number of class members. "That the parties conducted their investigation through informal discovery, or based on information assembled in a related case, is not unusual or problematic, so long as they and the court have adequate information in order to evaluate the parties' relative positions." *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006) (citations omitted); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 87 (2d Cir. 2001) (same). In this case, the attorneys have been periodic adversaries for

13

decades, and it has been the rule, rather than the exception, that serving as adversaries has not limited the cooperation and candor in disclosure, discovery, and negotiations.

### III. Attorneys' Fees and Expenses

The FCRA requires an award of reasonable attorneys' fees to a successful consumer. 15 U.S.C. § 1681n. Defendant has agreed not to oppose Settlement Class Counsel's request for $25,000.00 for attorney's fees and costs. (*Dkt. No. 17-1* - Settlement Agreement). The amount of any award of attorney's fees and expenses, and incentive award is intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. *Id*. An award of attorney's fees and expenses will not reduce the benefits made available to the Settlement Class. Class Counsel respectfully request that the Court approve payment of attorney's fees and costs in the amount of $25,000.00.

To determine whether the amount of attorney's fees is reasonable in an action like this one, the Court conducts a cross-check of the requested fees under the lodestar method. In this case, the fee request is reasonable when analyzed under the lodestar method. To calculate attorney's fees under the lodestar method, a court must first determine the base amount of the fee, based on the number of hours counsel expended on the case at counsel's hourly rate. After the basic lodestar figure is calculated, a court should consider an adjustment in the form of a multiplier to reflect the contingent nature of any fee:

> The unenhanced lodestar usually accounts for the difficulty of prevailing on the merits, because it reflects the number of hours that are necessary to overcome the difficulty and the hourly rates of attorneys who are skilled enough to do so. [citation omitted] But the unenhanced lodestar does not reflect the factual and legal merits of

14

> the claim-the fact that at the outset of the litigation, no matter how dazzling the array of legal talent or how many hours will eventually be logged, there is nonetheless the possibility of no recovery.

*Cook*, 142 F.3d at 1015.

Several Courts have recently found Class Counsel's hourly rates, time expended, and expenses incurred to be reasonable. *See, Lyons Decl.* ¶ 8 - *Spuhler v. State Collection*, 16-cv-1149-NJ, Eastern District of Wisconsin (May 21, 2019); *Eggen v. WESTconsin,* 14-cv-873-bbc, Western District of Wisconsin (February 26, 2016); *Cassidy v. Active Sports*, 14-cv-3022 SER, District of Minnesota (April 6, 2016); *Nelson v. BMW Financial et al,* 15-cv-2661 SER, District of Minnesota (March 8, 2017); *Vonasek v. BOTW, et al,* 16-cv-342-DTS, District of Minnesota (January 30, 2018); *Swenson v. WESTconsin,* 16-cv-2344 MJD/HB, District of Minnesota (February 28, 2018); *Lovestone v. Aargon Agency,* 17-cv-2314-KMM, District of Minnesota (May 15, 2018); and *Clark v. JP Morgan Chase Bank, et al*, 17-cv-01069 SRN/KMM, District of Minnesota (December 12, 2018).

As of November 17, 2020, Settlement Class Counsel has spent 72.90 hours advancing the matter, which represents a lodestar of $32,803.05, and incurred expenses of $613.10. *See Lyons Decl. Ex. 2*. Thus, the requested award of $25,000.00 represents an amount less than the lodestar. This factor heavily favors approval of the requested award of $25,000.00 for attorney's fees.

**IV.** <u>**Class Representative Plaintiff's Incentive Award**</u>

Plaintiff incentive awards serve to encourage members of a class to become class representatives and to reward individual efforts taken on behalf of a class. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (awarding incentive award of $25,000). "In

15

deciding whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Id*.

Here, Plaintiff's participation and willingness to undertake the responsibilities and risks attendant with bringing this class action warrant that he be awarded the proposed individual incentive award of $3,000.00. *Dkt. No. 17-1* - Settlement Agreement. This amount has been approved in similar actions. *See, e.g.*, *Voeks v. Patenaude & Felix, A.P.C.,* Case No. 18-cv-01393, (Order on Class Action Settlement at 4,i); *Beaufrand v. Encore Receivable Management, Inc.*, Case No. 17-cv-721, (Order on Class Action Settlement at 4,i); *Sievert v. Alltran Financial, LP*, Case No. 16-cv-1309, (Order on Class Action Settlement at 4,i); *Brace v. NCC Business Services,* 17-cv-345, (Final Order on Class Action Settlement at 4,i); *Tesch v. Dynamic Recovery Solutions, LLC*, 17-cv-263, (Final Order on Class Action Settlement at 4,i); *Cervantes v. RCS Recovery Services,* 15-cv-112, (Final Order on Class Action Settlement at 4,ii) (E.D. Wis. May 26, 2016); *Baker v. Credit Control, LLC,* 15-cv-303, (Final Order Approving Class Action Settlement at 4,i) (E.D. Wis. May 26, 2016); *Kelm v. First Associates Loan Servicing, LLC,* 15-cv-500 (Final Order and Judgment Approving Class Action Settlement at 4,i) (E.D. Wis. June 1, 2016);*Oravecz v. Cavalry Portfolio Services, LLC, et al.,* 14-cv-1126-LA, (Final Order on Class Action Settlement at 2) (E.D. Wis. Oct. 29, 2015); *Oravecz v. Action Financial Services, LLC*, 14-cv-1124-WED, (Final Order on Class Action Settlement at 2) (E.D. Wis. June 30, 2015); *Paddock v. Fay Servicing, LLC*, No. 14-cv-

454-JPS, slip op at 2 (Final Order On Class Action Settlement at 2) (E.D.Wis. Mar. 25, 2015); *Donnelly v. EquityExperts.org, LLC*, 2015 U.S. Dist. LEXIS 8240, *9 (E.D. Mich. Jan. 14, 2015); *Wess v. Storey*, 2011 U.S. Dist. LEXIS 41050 , *7 (S.D. Ohio Apr. 14, 2011); *Durham v. Cont'l Cent. Credit, Inc.*, 2011 U.S. Dist. LEXIS 58684, *5 (S.D. Cal. June 2, 2011) ($3,000 incentive award plus $1,000 statutory damages); *Rosenau v. Unifund Corp.*, 646 F. Supp. 2d 743, 755 (E.D. Pa. 2009); *Henderson v. Eaton*, 2002 U.S. Dist. LEXIS 20840, *18 (E.D. La. Oct. 25, 2002) ("when the incentive compensation falls in the modest range of $ 2,000 to $ 3,000, it is generally held unnecessary to consider the amount of time and money spent in the litigation and other circumstances relating to costs.").

## V. Conclusion

As the above analysis shows, the settlement is fair, reasonable, and adequate, and satisfies the standard for final approval. Therefore, Representative Plaintiff and Defendant pray that this Honorable Court enter an order:

(a) finding that the Settlement Agreement is fair, reasonable, and adequate, and in the best interest of the Settlement Class, granting final approval to the settlement, and entering the proposed Judgment Order attached hereto;

(b) granting Representative Plaintiff's request for attorney's fees and costs, in the amount of $25,000.00; and an incentive award for Representative Plaintiff in the amount of $3,000; and

(c) granting such other and additional relief as the Court may deem just and appropriate.

Dated this 17th day of November, 2020.

                                                  Respectfully submitted,

| | |
|---|---|
| /s/ Thomas J. Lyons, Jr. | /s/ Manuel H. Newburger |
| Thomas J. Lyons, Jr. | Manuel H. Newburger |
| CONSUMER JUSTICE CENTER, P.A. | BARRON & NEWBURGER, P.C. |
| 367 Commerce Court | 7320 N. MoPac Expy., Suite 400 |
| Vadnais Heights, MN 55127 | Austin, TX 78731 |
| Telephone: (651) 770-9707 | (512) 649-4022 |
| Facsimile: (651) 704-0907 | Fax: (512) 279-0310 |
| tommy@consumerjusticecenter.com | mnewburger@bn-lawyers.com |
| ATTORNEY FOR PLAINTIFF | |
| | ATTORNEY FOR DEFENDANT |

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing Brief has been served on Defendant's attorney below through the Court's ECF system, on this 17th day of November, 2020.

/s/ Thomas J. Lyons, Jr.
Thomas J. Lyons, Jr.
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com

SERVICE LIST:

Manuel H. Newburger
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expy., Suite 400
Austin, TX 78731
(512) 649-4022
Fax: (512) 279-0310
mnewburger@bn-lawyers.com

ATTORNEY FOR DEFENDANT