IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TANYA BOUDREAUX, on behalf of
herself and all others similarly situated,

              Plaintiff,              OPINION AND ORDER

v.

                                              18-cv-957-wmc

GURSTEL LAW FIRM, P.C.,

              Defendant.

---

Named plaintiff and class representative Tanya Boudreaux brought this class action lawsuit against Gurstel Law Firm, P.C., alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* In a prior opinion and order, the court preliminarily approved the parties' proposed settlement, certified the settlement class for purposes of settlement, and set this case for a fairness hearing. (Dkt. #20.) That hearing was held on November 24, 2020, and now before the court is the parties' joint motion for final approval of their class action settlement and award of attorneys' fees, costs, expenses, and incentive award. (Dkt. #25.) For the reasons that follow, as well as those in the court's opinion and order granting preliminary approval of this settlement and provided on the record during the fairness hearing, the court approves the terms set forth in the parties' joint motion as modified below.

OPINION

The stated purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the

consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b).  In accordance with this goal, the FCRA defines permissible uses of consumer reports.  *See* 15 U.S.C. § 1681b.

In this case, named plaintiff Tanya Bourdreaux alleges that defendant Gurstel Law Firm violated the FCRA in attempting to collect on consumer debts owed by her and the class members.  According to plaintiff, defendant attached exhibits consisting of credit card account statements to the state court complaints, which included her unredacted FICO scores.  Plaintiff alleges that the failure to redact the FICO scores renders defendant liable to damages to her and the class she seeks to represent.  For its part, defendant denies these allegations and maintains that it has no liability under state or federal law.  Specifically, defendant contends that:  (1) the attachment of monthly billing statements to a court filing is not the "use" of a credit report; and (2) the credit scores at issue are not "consumer reports" as defined in the FCRA.

On January 14, 2020, the parties submitted a joint motion for certification of the settlement class and preliminary approval of the settlement agreement.  (Dkt. #17.)  For the purposes of the settlement, the court preliminarily certified a Rule 23 class, preliminarily approved the parties settlement agreement and directed the distribution of a court-approved notice while raising a concern that under the terms of the settlement, each class member would receive an amount below the $100 minimum statutory award in damages for a willful violation of the FCRA. (Dkt. #20, p. 5 & n.3.)  Having been apprised of the strength of defendant's possible defense that its conduct was negligent at worst, the court is satisfied with the settlement terms, particularly after balancing the individual

member's award slightly against the fee award to plaintiff's counsel as set forth below. Based on the fairness hearing, the parties' written submissions, the lack of any objections, and the entire record in this case, therefore, the court concludes that the parties' settlement of plaintiffs' claims is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23(e) with a slight modification.

### A. Class Members and Class Representative

The court certifies the following class under Rule 23:

> All individuals in the United States against whom, during the period from November 20, 2016, through the date of preliminary approval, Defendant filed a state court complaint on a consumer debt, in which the complaint or the exhibits thereto contained the consumer's unredacted credit score. Class members are located in the following states: Arizona, California, New York, Pennsylvania, Utah and Wisconsin.

The class specifically excludes:

> (a) persons already subject to an existing signed released covering the claims raised in the suit; (b) persons deceased on the date of preliminary certification; (c) persons who have filed for Title 11 bankruptcy protection on or after November 20, 2016; and (d) any class member who timely requests exclusion.

The court finds that this class meets all of the requirements for class certification because: (1) the class, which includes 152 individuals, is so numerous that joinder of all of them in the lawsuit is impracticable; (2) there are questions of law and fact common to the class that predominate over any individual questions; (3) the claims of the plaintiff are typical of the claims of the class; (4) plaintiff and class counsel have fairly and adequately represented and protected the interests of all of the class members; and (5) class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure

of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The court also finally certifies plaintiff Tanya Boudreaux as the class representative and Thomas J. Lyons, Jr., as counsel for the class members.

### B. Notice

The parties represent that defendant mailed out the approved notice, addressed to 152 settlement class members by first class mail, postage prepaid, with forwarding service requested. Prior to mailing, the addresses of the class members were updated using the National Change of Address database maintained by the U.S. Postal Service. As of November 11, 2020, only one of these notices was returned by the United States Postal Service with a new address, and it was re-mailed. Based on these representations, the court finds that the notice satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).

### C. Objections and Exclusions

Importantly, the class members were given a fair and reasonable opportunity to object to the settlement. No class members opted out, and no class members have objected to the settlement, satisfying due process. Moreover, during the hearing, defense counsel represented that state enforcement officials made inquiries regarding the proposed settlement without seeking to appear to oppose it.

D. Settlement Terms

The Settlement Agreement ("the Agreement"), which is on file in this case, shall be deemed incorporated herein. The parties are further directed to fulfill the terms and provisions of the Agreement, except as amended by an order of this court. More specifically, under the terms of the Agreement, as modified below, defendant shall pay $76.44 to each member of the class who has not been excluded. All distribution checks to the class will expire after 120 days of issuance, and any undistributed funds represented by any uncashed checks will be distributed as a *cy pres* distribution to National Consumer Law Center for use in consumer representation and/or consumer education. For reasons set forth in its preliminary approval and discussed during today's hearing, the court reaffirms its previous finding that the settlement terms reflect a fair, reasonable and adequate compromise in light of the relative merits of the different claims, the costs of continued litigation, and the risk of no recovery at all.

In addition to the payouts to each individual class member, the settlement also provides for an individual award of $3,000 to the sole named plaintiff, Tanya Bourdreaux. The court finds that this award is reasonable in light of named plaintiff's membership in the class and her involvement in the class action.

Finally, defendant will use its best efforts to redact from the state court files the credit score of each class member. While defendant obviously does not control the state court clerks or judges, and it does not warrant that its motions to redact will be granted, it will make a reasonable effort for every class member, as well as provide class counsel with a report of those efforts and results.

### E. Attorneys' Fees and Costs

Pursuant to the fee shifting provision of the FCRA, 15 U.S.C. § 1681n, plaintiff attorneys' fees will be paid directly by defendant and will not come from the class fund. The parties agreed that defendant shall pay class counsel a total of $25,000.00 in attorneys' fees, costs, and expenses. Having reviewed class counsel's arguments in support of this award (dkt. #26), and the declaration of attorney Thomas Lyons, Jr., (Lyons Decl. (dkt. #27)), the court expressed concern at the final hearing as to the reasonableness of counsel's fee request, even under a lodestar approach, considering the class members' total recovery of $9,120. In particular, plaintiff's counsel represented that he expended 72.90 hours prosecuting this matter, representing a combined lodestar of $32,803.05. Plaintiff's counsel also incurred $613.10 in costs. Given that counsel's award represents an almost three-fold recovery relative to that of class members, however, he agreed to reduce his fee by $2,500, which with agreement of defendant, will instead be added to the total class award. Accordingly, the court finds that a revised fee amount of $22,500 represents an amount less than the lodestar and favors approval of the requested award relative to the class's recovery after factoring in their risk of not prevailing at all.

### F. Release of Claims and Dismissal of Lawsuit

The individual and class releases set forth in the Agreement are also approved and given full force and effect. Pursuant to the release contained in the Agreement, the released claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order. Plaintiff, the class members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on

behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the released claims, save and except for the compensation set forth above.

With the exception of the foregoing injunction all other claims in this action are hereby dismissed with prejudice. This order, the attached Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

## ORDER

IT IS ORDERED that:

1) The parties' joint motion for final approval of settlement agreement (dkt. #25) as modified to provide for a payment of $76.44 to each member of the class is GRANTED and the parties are directed to carry out its modified terms and provisions.

2) The parties' motion for attorney fees and costs (dkt. #25) is GRANTED, and defendant shall pay $22,500 to class counsel.

3) The modified settlement payments, including the $3,000 payment to the named plaintiff, are APPROVED.

4) This action is DISMISSED with prejudice and without further costs.

5) The court expressly retains jurisdiction to enforce the terms of settlement. The clerk of the court is directed to close this case subject to reopening upon good cause shown.

Entered this 24th day of November, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge